The HOOVER COMPANY, Plaintiff,

v.

CITICORP VENTURE CAPITAL LTD.,
Citicorp Capital Investors Ltd., and
Hoover Group, Inc., Defendants.

No. 86 CIV. 4242.

United States District Court,
S.D. New York.

Dec. 9, 1987.

Fitzpatrick, Cella, Harper & Scinto, New York City, for plaintiff; Nicholas M. Cannella, Edwin W. Oldham, Ray L. Weber, of counsel.

Dechert Price & Rhoads, New York City, for defendants; Robert C. Heim, Judy L. Popper, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

In this action The Hoover Company, manufacturer of vacuum cleaners and other home appliances, seeks to enjoin HOOVER GROUP, a producer of components such as ball bearings and mattress springs sold only to manufacturers, from using the word "GROUP" as part of its name. Plaintiff's contention is that the term GROUP has a "synergistic effect" such that "in an era of conglomerates, diversifications, and corporate mergers" the public may believe the Hoover Company is part of the HOOVER GROUP. Plaintiff does not challenge the use of "Hoover" so long as the name includes a descriptive word or words delineating defendant's current product lines, thereby distinguishing it from plaintiff's well known name in the vacuum cleaner market.

Plaintiff and defendant both move for summary judgment. The following material facts are not in dispute. Plaintiff began using the Hoover name in 1908 and holds trademark registrations for the name on vacuum cleaners and other floor care products and home appliances. They sell directly to consumers at more than 100,000 retail outlets world-wide. They promote the name actively and calculate very substantial goodwill in the name. Their logo is capital and small letters spelling Hoover printed on a slant in a red circle.

Defendant began in 1913 as Hoover Steel Ball Company, then became Hoover Ball & Bearing in 1936. In 1978 the name was changed to Hoover Universal to reflect the expanded product line. In 1985 a part of the company was sold to Citicorp Capital Investors and that part then chose the name HOOVER GROUP because a term of the sale precluded the use of the old Hoover Universal name. The HOOVER GROUP currently operates four divisions: Ball and Roller, Furniture Components, Aluminum Products, and Materials Handling. Their products are sold to manufacturers of other products, not directly to consumers. Their logo is all in capital letters with a straight line beneath and a tagline naming the applicable division.

There is no evidence that any consumers have bought defendant's product in confusion as to its origin, and there is only scant evidence of investor confusion in connection with a single advertisement for a securities offering. Also, plaintiff was once named in a legal complaint in error. In addition to plaintiff and defendant there exist many other businesses operating under the name Hoover, including Hoover Industries, Hoover Products, Hoover Co., Inc. and Hoover Universal. None of these couplings has been challenged.

In this Circuit the factors to be evaluated in determining the likelihood of confusion in an action under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, are (1) the strength of plaintiff's mark, (2) the degree of similarity between the marks, (3) the proximity of the products, (4) the likelihood of bridging the gap between the

products, (5) actual confusion, (6) defendant's good faith in adopting the mark, (7) the quality of defendant's product, and (8) the sophistication of buyers. *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir.1961), *cert. denied* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25. *See also Soltex Polymer Corp. v. Fortex Industries, Inc.*, 832 F.2d 1325 (2d Cir.1987). Here both plaintiff and defendant have strong marks in different markets. The logos are dissimilar and the products are marketed in distinct manners. No bad faith was exhibited in selecting the name, and there is no challenge as to the quality of defendant's products. Plaintiff thus has not met this Circuit's requirement for a finding of trademark infringement. Therefore summary judgment is granted to defendant on the federal trademark claim.

Plaintiff also asserts a claim under the New York State anti-dilution statute, General Business Law § 368–d,[1] alleging that defendant's use of the word GROUP will "whittle away" at the goodwill in plaintiff's name. In order to prevail under § 368–d in this Circuit, a plaintiff need not present evidence of confusion, but must show that it posses a mark of distinctive quality or one which has acquired a secondary meaning in the mind of the public, and a likelihood of dilution, also defined as a "whittling down" of the reputation of the mark. *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625–26 (2d Cir.1983); *see also Pan American v. Panamerican School of Travel*, 648 F.Supp. 1026, 1039–40 (S.D.N.Y.1986). A relevant but not conclusive factor is the absence of predatory intent by the junior user of the mark. *Sally Gee*, at 1026.

Having considered these factors here I conclude, not without some reluctance, that plaintiff may not enjoin defendant's use of the word "GROUP" in conjunction with the Hoover name. Plaintiff Hoover, of vacuum cleaner fame, certainly has

a distinctive mark; an English dictionary defines a "hoover" as a vacuum cleaner, and the average consumer on this side of the Atlantic would doubtless agree. On the other hand, defendant's use of the name is in no way evidence of predatory intent since it itself has been known under the Hoover name for seventy five years. In addition, analysis of the likelihood of dilution is particularly difficult. Since plaintiff does not challenge use of the name "Hoover", but only the use of the word "group", the issue, in rough terms, is whether an outsider might think that the vacuum cleaner company is now a division of the GROUP, thereby diminishing or diluting Hoover's established reputation in vacuum cleaners. One sees plaintiff's concern; yet what of plaintiff's apparent distinction between names such as "Hoover Industries", "Hoover Products", "Hoover Company, Inc." and "Hoover Universal" which plaintiff has not and does not challenge? Equitable relief must stand on firmer grounds than this nebulous distinction. Summary judgment is accordingly granted to defendant on the dilution claim as well.

Plaintiff's motion is denied.

So ordered.

---

1. New York General Business Law § 368–d reads:

   **Injury to business reputation; dilution**
   Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.